UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Robert DeSanto,<br><br>                     Plaintiff,<br>       v.<br><br>Portfolio Recovery Associates, L.L.C.; and DOES 1-10, inclusive,<br><br>                     Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, Robert DeSanto, says by way of Complaint against Defendant, Portfolio Recovery Associates, L.L.C., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, Robert DeSanto ("Plaintiff"), is an adult individual residing in Bayville, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Virginia business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 253502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Portfolio Engages in Harassment and Abusive Tactics

12.     Within the last year, Portfolio has placed as many as three (3) calls a day to Plaintiff in an attempt to collect the Debt.

13.     Plaintiff has explained to Portfolio on many occasions that he is not in a position to currently pay the Debt and has asked that Portfolio cease calling him. Despite Plaintiff's request, Portfolio has continued to place daily calls to Plaintiff.

14.     Plaintiff has received many calls from Portfolio in which he has answered Portfolio's call, confirmed that he is "Robert DeSanto" and then Portfolio immediate hung up the telephone on Plaintiff.

15.     On October 19, 2011, a Portfolio representative, Tony Dickens, placed a call to Plaintiff, stated that he is calling from the "litigation department" and told Plaintiff that he is taking legal action against Plaintiff in an attempt to collect the Debt. Mr. Dickens told Plaintiff that he would not take legal action against Plaintiff if he paid the Debt.  Plaintiff asked Mr. Dickens if he was an attorney. Mr. Dickens responded to Plaintiff by stating, "Don't worry…I'm suing you."

16.     On October 19, 2011, Plaintiff advised Portfolio that he had legal representation and asked that Portfolio cease calling him once again. Portfolio responded by stating, "How do you have a money for a lawyer when you can't pay your bills?!"

### C. Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

24. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy. Thus, the Defendant violated New Jersey state law.

34. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

35. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

37. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Liquidated damages;

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 2, 2011

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax: (888) 953-6237